UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00264-DJH

NORMAN QUARTERMOUSE                                                        PLAINTIFF

v.

BULLITT COUNTY FISCAL COURT, *et al.*                             DEFENDANTS

---

### ANSWER

---

        Comes now the Defendants, the Bullitt County Fiscal Court and Angela Greenup, in her Individual and Official Capacities (Hereinafter "Defendants"), by counsel, and states as follows for their Answer to Plaintiff's Complaint:

        1.      Plaintiff fails to state a claim against these Defendants upon which relief may be granted.

        2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and the same are therefore denied at this time pending discovery.

        3.      Defendants admit the allegations set forth in Paragraph 2.

        4.      Defendants admit the allegations set forth in Paragraph 3 only to the extent as it is alleged that Defendant Greenup was and is a resident of Bullitt County and was employed as the Animal Control Director of the Bullitt County Animal Shelter. Defendants specifically and affirmatively deny any allegations that property belonging to Plaintiff was wrongfully seized on April 9, 2018. The remaining allegations contained in Paragraph 3 call for conclusions of law to

which no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 3 are denied.

5. The allegations set forth in Paragraph 4 call for conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 4 are denied.

6. The allegations set forth in Paragraph 5 call for conclusions of law to which no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 5 are denied.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and same are therefore denied at this time pending discovery.

8. Defendants admit the allegations in Paragraph 7 only to the extent that it is alleged that a coon hound was recovered running loose on Interstate 65. Defendants state that the dog had a name plate on its collar with the name "N.C. Quartermouse" and a phone number but deny that the dog had on any other tags.

9. The allegations set forth in Paragraph 8 are specifically and affirmatively denied.

10. Defendants admit the allegations in Paragraph 9 only to the extent that possession of the dogs occurred after Plaintiff executed a relinquishment form. The remaining allegations set forth in Paragraph 9 are denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and same are therefore denied at this time pending discovery.

12. Defendants deny the allegations set forth in Paragraph 11 to the extent that there is a claim that the dogs were "seized" and specifically and affirmatively deny that there was a violation of Bullitt County Animal Shelter operating policy and KRS 514.070. In regard to the remaining allegations in Paragraph 11, Defendants admit that six dogs were returned to Plaintiff.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and same are therefore denied at this time pending discovery, and in addition, Defendants specifically and affirmatively deny any allegation that there was a violation of Bullitt County Animal Shelter operating policy and KRS 514.100.

14. Defendants admit that a criminal complaint charging Plaintiff with animal cruelty in the 2nd degree and violation of local ordinances was filed on April 13, 2018. All remaining allegations contained in Paragraph 13 alleging that there were false statements of material fact made to obtain a criminal summons are specifically and affirmatively denied.

15. For their response to the allegations contained in Paragraph 14 of the Complaint, pursuant to *Fed.R.Civ.P.* 10 (c), Defendants adopt by reference Paragraphs 1 through 14 of this Answer as if set out in full in this paragraph.

16. The allegations set forth in Paragraph 15 are specifically and affirmatively denied.

17. The allegations set forth in Paragraph 16 call for conclusions of law to which no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 16 are denied.

18. The allegations set forth in Paragraph 17 are specifically and affirmatively denied.

19. For their response to the allegations contained in Paragraph 18 of the Complaint, pursuant to *Fed.R.Civ.P.* 10 (c), Defendants adopt by reference Paragraphs 1 through 18 of this Answer as if set out in full in this paragraph.

20.     The allegations set forth in Paragraph 19 are specifically and affirmatively denied.

21.     The allegations set forth in Paragraph 20 call for conclusions of law to which no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 20 are denied.

22.     The allegations set forth in Paragraph 21 are specifically and affirmatively denied.

23.     For their response to the allegations contained in Paragraph 22 of the Complaint, pursuant to *Fed.R.Civ.P.* 10 (c), Defendants adopt by reference Paragraphs 1 through 22 of this Answer as if set out in full in this paragraph.

24.     The allegations set forth in Paragraph 23 are denied.

25.     The allegations set forth in Paragraph 24 of the Complaint call for conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 24 are denied.

26.     The allegations set forth in Paragraph 25 are specifically and affirmatively denied.

27.     For their response to the allegations contained in Paragraph 26 of the Complaint, pursuant to *Fed.R.Civ.P.* 10 (c), Defendants adopt by reference Paragraphs 1 through 26 of this Answer as if set out in full in this paragraph.

28.     The allegations set forth in Paragraph 27 are specifically and affirmatively denied.

29.     The allegations set forth in Paragraph 28 of the Complaint call for conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 28 are denied.

30.     For their response to the allegations contained in Paragraph 29 of the Complaint, pursuant to *Fed.R.Civ.P.* 10 (c), Defendants adopt by reference Paragraphs 1 through 29 of this Answer as if set out in full in this paragraph.

31. The allegations set forth in Paragraph 30 are specifically and affirmatively denied.

32. All averments and allegations not herein expressly admitted are denied.

33. Plaintiff's claims against these Defendants are barred, in whole or in part, by the applicable statute of limitations.

34. Plaintiffs' claims against these Defendants are barred, in whole or in part, by lack of subject matter jurisdiction.

35. Plaintiff fails to state a claim for violation of Plaintiff's Constitutional rights. Further, the facts alleged by the Plaintiff in support of his Constitutional claims are insufficient to rise to the level of Constitutional violations.

36. Plaintiff's claims against the Defendants are barred, in whole or in part, by the doctrines of sovereign and/or absolute and/or common law immunity.

37. Plaintiff's claims against the Defendants are barred, in whole or in part, by the doctrines of official and/or qualified official immunity.

38. Plaintiff's claims against the Defendants are barred, in whole or in part, by the doctrine of governmental immunity.

39. At all times referenced in the Complaint, these Defendants exercised sound judgement and discretion, acted in good faith, with probable cause, without malice and within the scope of their duties as public officials and public entities.

40. At all times referenced in the Complaint, these Defendants acted within the authority vested in them by KRS Chapter 258.

41. At all times referenced in the Complaint, these Defendants acted within the authority vested in them by Bullitt County codes, regulations and local ordinances.

42. Any loss or injury alleged by Plaintiff was due and caused by his own conduct, intentional acts and/or negligence and/or failure comply with the applicable statutes and Bullitt County codes, regulations and local ordinances and said conduct, acts, negligence and/or failure by the Plaintiff was a substantial contributing factor or proximate of any loss or injury claimed.

43. Any loss or injury alleged by the Plaintiff was caused solely by his own wrongful act(s) and conduct and not by the reason of any unlawful act or omissions by these Defendants.

44. Plaintiff's claims against the Defendants are barred, in whole or in part, by the doctrine of unclean hands.

45. The doctrine of comparative fault should be applied in this case to reduce Plaintiff's recovery, if any.

46. Plaintiff's claims are barred because he failed to mitigate any and all alleged damages.

47. Plaintiff's claims against the Defendants are barred, in whole or in part, by the Claims Against Local Government Act, KRS 65.200-.2006.

48. Defendants are not liable for their acts or omissions while exercising reasonable due care in the execution and enforcement of any law, public duty or responsibility.

49. Plaintiff's claims against the Defendant, Bullitt County Fiscal Court under the theory of *respondeat superior* are barred because such claims are not available under 42 U.S.C. § 1983.

50. At all times relevant to Plaintiff's Complaint, Defendant, Angela Greenup, in her individual capacity, acted reasonably, lawfully and in good faith and, accordingly, she is entitled to qualified immunity as a matter of law

51. Plaintiff's Complaint is barred, in whole or in part, to the affirmative defenses of fraud, contributory negligence and laches.

52. Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver and/or estoppel.

53. Plaintiff's claims for exemplary or punitive damages are barred, in whole or in part, because such claims violate the laws and the Constitutions of the United States of America and the Commonwealth of Kentucky.

54. Defendants are not liable for punitive damages in any sum and/or Plaintiff's claim for punitive damages is barred by applicable law.

55. Plaintiffs' claims are barred because Plaintiff's injuries and/or damages were proximately caused by intervening acts and/or occurrences other than those in the control of these Defendants, which superseded any acts of these Defendants.

56. Defendants may have defenses that are not currently known. Defendants incorporate by reference and adopt as part of this Answer all those appropriate defenses set forth in Rules 8 and 12 of the *Federal Rules of Civil Procedure*. Moreover, these Defendants reserve all rights pursuant to *Fed.R.Civ.P* 15 to subsequently amend this Answer in order to clarify or add, if necessary, any such affirmative defenses or any other defenses pertinent to this action.

Respectfully submitted,

/s/ Carol S. Petitt
Carol S. Petitt
Douglas Scott Porter
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky  40056
(502) 243-9797
cpetitt@vplegalgroup.com
sporter@vplegalgroup.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 30th day of April, 2019, served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

Timothy Denison
235 South Fifth Street
The Third Floor
Louisville, Kentucky 40202-3226
COUNSEL FOR PLAINTIFF


/s/ Carol S. Petitt_____
VAUGHN PETITT LEGAL GROUP, PLLC