UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00264-DJH

***Electronically Filed***

NORMAN QUARTERMOUSE                                                    PLAINTIFF

v.

BULLITT COUNTY FISCAL COURT, *et al.*                              DEFENDANTS

---

## REPLY TO PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Come Defendants, the Bullitt County Fiscal Court and Angela Greenup, in her individual and official capacities, by counsel, and state as follows for their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.

### INTRODUCTION

Plaintiff's Response completely fails to address Defendants' arguments raised in their Summary Judgment motion [DN 14]. Instead of addressing or attempting to counter Defendants' arguments and making an effort to put forth any probative evidence that might establish a genuine issue of fact, Plaintiff only argues that the Motion is premature and should be held in abeyance pending discovery. This argument completely ignores and refuses to address Defendants' contention that the claims are barred as a matter of law and, that when the defense of qualified immunity is raised, it is a legal question that must be resolved as early as possible in litigation. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009); *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009). Accordingly, for the reasons set forth below all of Plaintiff's claims are properly summarily dismissed.

I.     **SUMMARY JUDGMENT IS APPROPRIATE**

    **A.  Plaintiff Fails to Satisfy the Summary Judgment Standard**

Considering the law and immunities raised by Defendants in their Motion for Summary Judgment [DN 14], Plaintiff's Response fails to establish any genuine issue of material fact which would support the denial of Defendants' Motion.  After a complaint is filed, FRCP 56(c) provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact."

The Response has created no genuine dispute as to any material fact by presenting some significant, probative evidence indicating the necessity of trial to resolve same, as required by FRCP 56(a), to defeat Defendants' Motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  A mere scintilla of evidence is not enough.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *McLean v. 988011 Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir. 2000).  The non-moving party also "may not rest upon the mere allegations or denials of his pleading." *Anderson*, *supra* at 248.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007).

Plaintiff's Response is completely devoid of any contrary facts or counter evidence which would establish the existence of a question of fact and affidavits and supporting documentation tendered by the Defendants in support of their Motion [DN 14 Attachments # 1-19] remain unrefuted.  Plaintiff's only response is the meritless contention that the Motion should be denied without prejudice or held in abeyance to permit discovery. *Pl. Response* pg. 10.  Plaintiff's Complaint was filed exactly one year after the events detailed in the Complaint and the criminal case for his resulting citations against Plaintiff, 18-M-00295, has been pending since April 2018.

See attached, **Exhibit 1**. [1]  The underlying criminal case certainly provides Plaintiff access to enough information to form at least a rudimentary argument to rebut Defendants Motion.  To now argue that discovery is needed when Plaintiff had over five months between the time the Complaint was filed and the Defendants' Summary Judgment Motion was filed to tender discovery requests after having failed to do so is equally hollow.

Per *Celotex, supra* at 324 and *Anderson, supra,* at 248, it is well-settled that the mere allegations in a complaint are not enough to establish a genuine issue of material fact when facing a well-supported summary judgment motion.  A court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.,* 220 F.3d 433, 446 (6th Cir. 2000), *abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001).  In applying *Anderson*, the Sixth Circuit has held that "the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue." *Street v. J.C. Bradford and Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  "[I]f the respondent [does] not 'put up,' summary judgment [is] proper." *Id.*   It is the affirmative obligation of the non-moving party to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *In re Morris,* 260 F.3d 654 (6th Cir. 2001).

In the instant case, Plaintiff was afforded the opportunity to at least put forth a bare minimum of any evidence to support his allegations and failed to do so. Therefore, summary judgment is appropriate at this stage.

### B.  A Decision Qualified Immunity At This Stage Does Not Require Discovery

Summary judgment is not only appropriate at this stage because Plaintiff has failed to produce any substantive evidence which would give rise to a genuine issue of fact, but because Defendants

---

[1] Discovery was filed on April 11, 2019 and a Motion for Discovery and Inspection was filed on May 28, 2019.

have asserted the defense of qualified immunity, this issue is ripe for summary judgment and must be considered at this stage. *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) (quoting *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The question of qualified immunity is a legal question that should be resolved as early as possible in litigation. *Pearson, supra* at 231–32. This protects public officers from burdensome discovery and litigation that disrupts the effective function of government and prevents the Court and the parties from wasting time and resources on questions that, as a matter of law, should not be presented to the jury. *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). One of the key purposes of qualified immunity is to protect government officials from unjustified lawsuits. *Wallin v. Norman*, 317 F.3d 558, 562 (6th Cir. 2003).

Since qualified immunity serves as a shield from unnecessary litigation and unsupported claims, the Sixth Circuit has repeatedly held "an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, and that point is usually summary judgment. *Valikan v. Shaw,* 335 F.3d 509, 516 (6th Cir. 2003) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982); *Wesley v. Campbell*, 779 F.3d 421, 433-434 (6th Cir. 2015); *Guertin v. Michigan*, 912 F.3d 907, 917 (6th Cir. 2019).

Plaintiff's Response fails to enunciate any legitimate reason, rationale or argument as to why Defendant Greenup is not entitled to rely upon the shield of qualified immunity, again, only arguing that discovery is necessary to show that Defendant Greenup did not act in good faith and her conduct was not objectively reasonable, constituting an illegal search and seizure. *Pl. Response* pp. 8- 9. Without corroborating support, this argument should be rejected and the Court should proceed with the review of the merits of Defendant Greenup's qualified immunity defense.

To assess the merits of the defense, discovery is not needed. In *Johnson v. Mosely*, 790

F.3d 649 (6th Cir. 2015), the Sixth Circuit reviewed an interlocutory appeal from a district court's ruling denying two police officers' motion to dismiss plaintiff's civil rights claim for malicious prosecution. Defendant officers asserted that the claim was barred by qualified immunity because the Complaint did not include fact allegations of specific conduct plausibly making out a violation of clearly established federal law. The district court denied the defense of qualified immunity holding that the plaintiff was allowed to conduct discovery first. In reversing the decision, the Sixth Circuit concluded that the district court's ruling contradicted qualified immunity's purpose of resolving insubstantial claims as early as possible to avoid unnecessarily subjecting government officials to the disruptive burdens of litigation. *Id.* at 556. Similarly, discovery is not warranted or necessary in the instant case. *See also Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985); *Goad v. Mitchell,* 297 F.3d 497, 503-05 (6th Cir. 2002).

Further, until the issue of qualified immunity is decided, Defendant Greenup would be entitled to a stay of discovery. As broadly stated by the Sixth Circuit, "[t]he entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." *Skousen v. Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002) (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). Accordingly, "when a defendant seeks dismissal on the basis of qualified immunity, '[a] stay of discovery is properly granted until the issue of immunity is resolved.'" *McMillen v. Windham*, 2018 WL 652830, at *2 (W.D. Ky. Jan. 31, 2018) (a courtesy copy is attached as **Exhibit 2**); *see also Kennedy v. Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986).

The Court has ample facts and law in support of Defendant Greenup's defense of qualified immunity to proceed without requiring discovery and summary judgment is not only timely but appropriate.

## II.     PLAINTIFF'S FEDERAL CLAIMS FAIL AS A MATTER OF LAW

### A.  Plaintiff Has failed to Support His *Respondeat Superior* Claims

As pled, there is no ambiguity.  Plaintiff has specifically stated § 1983 claims and state claims against the Bullitt County Fiscal Court for the actions of its employee, Defendant Greenup "under the theory of *respondent superior*."  *Compl.* ¶¶ 16, 20, 24 and 28 [DN 1].  These claims must be dismissed because they are not a viable cause of action under §1983 and are barred as a matter of law.  *Monell v. Dep.'t of Soc. Svc. Of City of N.Y.,* 436 U.S. 658, 691-92 (1978); *Hays v. Jefferson Cnty., Kentucky*, 668 F.2d 869, 872 (6th Cir. 1982).[2]

Instead of trying to salvage his argument that the Bullitt County Fiscal Court is responsible "under the theory of *respondent superior*," Plaintiff, in essence, is attempting to amend his Complaint through his Response by now moving away from the *respondeat superior* theory that was pled and, for the first time, impermissibly contends Bullitt County Fiscal Court is liable due to a municipal policy or custom and a failure to train and supervise theory.  Plaintiff is bound by the allegations contained in his Complaint alleging a theory of *respondeat superior.  (A plaintiff cannot amend his pleadings to set forth unpled claims through a response to a motion to dismiss.) Morris v. Equi First Corp.,* 2011 WL 1337404 (M.D. Tenn. 2011*)*, (a courtesy copy is attached hereto as **EXHIBIT 3**).

Even if Plaintiff attempts to go beyond his initial allegations, these efforts are futile. Plaintiff is required to show that an official policy or custom caused Plaintiff's injury. *Webb, supra* at 885.  To establish a municipal liability claim under a *non-respondeat superior* theory,  a plaintiff must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and,

---

[2] Per *Monell* and its progeny, claims under *respondeat superior* or "supervisor liability" simply are not supported under § 1983 and such claims are therefore properly dismissed.  *Hays, supra* at 872.  "'[A] local government cannot be sued under §1983 for an injury inflicted solely by its employees or agents.'"  *Webb v. Jessamine County Fiscal Court*, 802 F.Supp.2d 870, 885 (E.D. Ky. Aug. 5, 2011), quoting *Monell, supra* at 694; See also *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003);  *Taylor v. Michigan Dep.'t of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (Theory of *respondeat superior* will not support §1983 claim).

(3) show that the plaintiff incurred a particular injury due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "These stringent standards are necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*." *Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (citing *Doe v. Claiborne County.*, 103 F.3d 495, 508 (6th Cir. 1996)).

Both the Plaintiff's Complaint [DN1] and Response fail to accomplish this. Plaintiff's Complaint [DN1] does not identify or refer to any policy or custom enacted by Bullitt County, or even allude that a policy or custom was the source of his injury. Failure to identify the existence of any offending policy is fatal and supports a dismissal of Plaintiff's claims against the Bullitt County Fiscal Court. *Monell, supra* at 691. Because there is no existence of any official policies or customs referenced or alleged, Plaintiff's allegations of "deliberate indifference and inadequacy," *Compl. ¶ 24* [DN 1], are equally insufficient to support his claims against Bullitt County. See *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). A plaintiff must establish that the county's official policies or customs (or lack thereof) were a "moving force" behind the deprivation of Plaintiff's rights and arose as a result of "deliberate indifference" to his rights. *Doe, supra* at 508. *Jackson v. City of Cleveland*, 920 F.3d 340, 374 (6th Cir. 2019) recently reiterated the holding in *Monell* that a municipality was not liable for the actions of its employee on the basis of the employment relationship alone and plaintiff must satisfy one the factors to establish that the municipality had a policy or custom to create liability under § 1983.

Because Plaintiff has never pled, pointed to any policy or custom or produced any evidence of the existence of any policy and a widespread practice, that "ultimately caused h[is] injury and which could subject the county to liability." *Webb, supra* at 886, the *respondeat superior* claims fail and should be summarily dismissed. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115,

120 (1992); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Alkire, supra* at 815; and *Webb, supra* at 886.

### B.  Angela Greenup is Entitled to Official Capacity Immunity

Defendant Greenup has asserted that the official capacity claims should be summarily dismissed because she is entitled to official capacity immunity.   Despite Plaintiff's Response, p. 7 containing the heading "II. DEFENDANT GREENUP IS NOT ENTITLED TO OFFICIAL CAPACITY IMMUNITY," there was no argument in support of this statement.   Instead, the section made an argument concerning individual capacity and qualified immunity.

Even if an argument in support of this contention was made, it would still fail because it is well established that "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the office." *Will v. Michigan Dep.'t of State Police*, 491 U.S. 58, 70-71 (1989). "'[I]ndividuals sued in their official capacity stand in the shoes of the entity they represent.'" *Alkire, supra* at 810 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The same reasoning applies to claims brought against other governmental entities; the suit should be construed against the real party in interest. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson County Gov.'t*, 743 F.Supp. 502, 503 (W.D.Ky. 1990)).[3]

Plaintiff asserted claims against Defendant Greenup in her official capacity. *Compl*. ¶ 3 [DN 1].   These claims are properly construed as claims against Bullitt County. *Will, supra* at 70-71; *Webb, supra* at 885 and *Matthews*, *supra* at 1049.   Consequently, it remains uncontroverted that because a suit against a public official or county employee is treated as a suit against the municipality or government entity itself, the official capacity claims against Defendant Greenup should be dismissed. *Kentucky v. Graham,* supra at 165–66.

---

[3] The same is true in Kentucky state courts as well.  Kentucky courts analyze and apply the law on the topic in an identical fashion. *See e.g. Yanero v. Davis*, 65 S.W.3d 510, 521-522 (Ky.2001) (public officials in Kentucky, when sued in their official capacity, are afforded the same immunity as the agency they represent). whether it is a county government or a governmental agency. *Id.*

**C. Plaintiff Has Failed Support His Federal Claims**

**1.   Plaintiff had not refuted the existence of probable cause**

The main theory of Plaintiff's action is that Defendant Greenup "unlawfully searched seized dealt with as her own and destroyed property belonging to the Plaintiff." *Compl. ¶ 23* [DN 1].  As set forth and supported in great detail in Defendants' Summary Judgment motion, this argument fails because Defendant Greenup acted within the statutory authority that she is cloaked with as a County Animal Control Officer and had probable cause to obtain and execute a search warrant.  See Defendants' Memorandum in Support, pp. 12-17 [DN 14 Attachments #1-19].  None of the arguments made by Defendants concerning either Defendant Greenup's statutory authority or the facts which lead to a probable cause determination and search were refuted let alone even addressed by Plaintiff in his Response.  It remains unrefuted that:

(1)  Per KRS § 258.095 (8), as the Bullitt County Animal Control Officer, Defendant Greenup has statutory authority to enforce the statutes relating to cruelty, mistreatment, sexual crimes against, or torture of animals, and local animal control ordinances;

(2)  Per KRS § 258.195 (3), Defendant Greenup has authority to issue uniform citations, local citations, or local notices relating to cruelty, mistreatment, or torture of animals, and animal control ordinances;

(3)  Per KRS § 258.215(1), Defendant Greenup has authority to seize and impound any dog which does not bear a valid rabies tag or other legible identification which is found running at large, and if the dog has an injury of condition causing it to suffer, the animal control officer or peace officer may immediately destroy the dog by the most reasonable and humane means then available;

(4)  The coonhound was found running loose along I-65 *Compl. ¶ 7* [DN 1];

(5)  The dog was unlicensed, unvaccinated and was in extremely poor physical condition and health and was extremely emaciated as documented by pictures. See [DN 14, Attachments # 2,3, 11,12, and 13]; and

(6)  Defendant Greenup completed an affidavit and application for a search warrant was secured after it was reviewed by both the County Attorney's Office and Judge Ward to verify the existence of probable cause. [DN 14, Attachments # 17 and 18].

Due to the existence of probable cause, Plaintiff's Fourth Amendment claims are negated. *Voyticky v. Vill. Of Timberlake, Ohio,* 412 F.3d 669, 678 (6th Cir. 2005). Probable cause is defined as "reasonable grounds for belief, supported by less than prima facia proof but more than mere suspicion." *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016) and *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993). Probable cause exists when "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). An officer must be able to point to articulable facts, and more than mere suspicions, for there to be a finding of probable cause. *U.S. v. Strickland,* 144 F.3d 412, 415-16 (6th Cir. 1998). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 250 (6th Cir. 2010) (citing *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009)); *See also United States v. Watson,* 423 U.S. 411, 417, (1976). Judicially secured warrants are satisfactory evidence of the existence of probable cause. *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir. 1989).

The unrefuted facts establish that Defendant Greenup had probable cause to initiate an investigation and obtain a search warrant. Plaintiff admits in his own allegations contained in his Complaint, ¶ 7 [DN 1] that a dog was found running loose along I-65. This alone is sufficient to constitute a possible violation of licensing requirements and animal cruelty laws which Defendant Greenup is charged to enforce under KRS § 258.095 (8) and KRS § 258.195 (3). It has also never been denied by Plaintiff that the dog that was recovered was unlicensed and unvaccinated, which is also a violation of county ordinances. This in conjunction with the pictures of the emaciated dog [DN 14, Attachments # 3 and 12], which speak for themselves, combined with the statutory

authority vested in Defendant Greenup's office, directing she investigate suspected situations of animal cruelty provided Defendant Greenup with probable cause.

Based on the circumstances known to Defendant Greenup at the time, her actions were within her statutory authority and extremely reasonable. "[T]he establishment of probable cause 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *United States v. McClain*, 444 F.3d 556, 562-63 (6th Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213 at 243 n.13 (1983)). Plaintiff has not produced and cannot produce any evidence to the contrary and there is no question of fact to justify why the claims should not be summarily dismissed.

### 2. Defendant Greenup is entitled to Qualified Immunity

As set forth earlier, when the defense of qualified immunity is raised, it is a threshold question that must be resolved as early in the process as possible. *See Pearson, supra* at 231-32; and *Everson, supra* at 492. Not only does the existence of probable cause negate Plaintiff's Fourth Amendment claims, the existence of probable cause and the securing of a judicially reviewed search warrant also serves as a basis for dismissing the individual capacity claims against Defendant Greenup under the protective shield of qualified immunity. *Vakilian, supra* at 517. Plaintiff has not only failed to present any opposing facts to raise a question concerning the existence of probable cause, but Plaintiff has not met his burden to demonstrate that Defendant Greenup is not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) (citing *Barrett v. Steubenville City Schs.*, 388 F.3d 967, 970 (6th Cir. 2004).

It is undisputed that Defendant Greenup was acting in her official capacity as an Bullitt County Animal Control Officer when she initiated her investigation. *Compl. ¶ 3* [DN 1]. It is equally undisputed that in carrying out her duties, she was performing a discretionary act. The

decision to commence an investigation and obtain a search warrant, fits within this category as an enforcement officer's determination of probable cause is an inherently discretionary act. *Jeffers v. Heavrin*, 10 F.3d 380 (6th Cir. 1993). "Government officials who perform discretionary functions are generally protected from liability for civil damages as long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sallier v. Brooks,* 343 F.3d 868, 878 (6th Cir. 2003) (quoting *Harlow, supra* at 818). Questions of immunity, including those of qualified immunity, are purely questions of law. See e.g. *Siggers–El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). After finding a loose dog running along I-65, *Compl.* ¶ 7 [DN 1], Defendant Greenup made a judgment call to enforce Kentucky law and County ordinances and should be entitled to qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

The Sixth Circuit "ha[s] developed a three-step analysis for reviewing district court decisions on qualified immunity." *Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010) (citing *Feathers v. Aey,* 319 F.3d 843, 848 (6th Cir.2003) (change added)):

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. **Third, we determine whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."**

*Holzemer* at 519 (quoting *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc)).

Plaintiff has failed to clear this hurdle. No evidence was offered in his Response that would establish or indicate that the conduct of Defendant Greenup was unreasonable. Again, Plaintiff only contends that discovery is needed to attempt to establish that the conduct of Defendant Greenup was "not objectively reasonable and violated his rights to be secure from an

unlawful search and seizure in violation of his Fourth Amendment rights." *Pl. Response*, p. 9. Per the Sixth Circuit's opinions in *Johnson v. Mosely, supra* at 656 and *Skousen, supra* at 526, Plaintiff cannot rely on this argument to avoid a decision on qualified immunity. It is incumbent on Plaintiff to present some measure of evidence to demonstrate that Defendant Greenup's conduct was objectively unreasonable. *Silberstein, supra* at 311 and *Holzemer, supra* at 519. Plaintiff has failed to provide the Court with a reason to deny Defendant Greenup of qualified immunity.

This failure is especially fatal because of the fact that a neutral magistrate issued a warrant which is a clear indication that Defendant Greenup acted in an objectively reasonable manner. *United States v. Leon,* 468 U.S. 897, 922–923 (1984). If an officer relies on a judicially secured warrant, they normally are entitled to qualified immunity. *See Malley v. Briggs*, 475 U.S. 335, 343-45 (1986) and *Hale v. Kart,* 396 F.3d 721, 725 (6th Cir. 2005). To overcome an officer's entitlement to qualified immunity, a plaintiff must establish: (1) a substantial showing that the defendant stated a deliberate falsehood or showed reckless disregard for the truth and (2) that the allegedly false or omitted information was material to the finding of probable cause." *Valikan, supra* at 517. Yet again, Plaintiff has failed meet his required obligation and burden to defeat Defendant Greenup's argument that she is entitled to the protection of qualified immunity.

When the uncontroverted facts are reviewed, Defendant Greenup's actions are inherently reasonable allowing her to the protections of qualified immunity. Whether there exists a probability of criminal activity is assessed under a reasonableness standard based on 'an examination of all facts and circumstances within an officer's knowledge at the time of an arrest. *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003). When the unlicensed, unvaccinated and emaciated dog that belonged to Plaintiff and shown in [DN 14 Attachments #3 and 12] was found running loose on an interstate, Defendant Greenup had statutory authority to investigate possible violations of state statute and county ordinances. There is nothing false or

imagined about the condition of the dog.  Defendant Greenup simply exercised the authority vested in her by KRS §258.195 (3) and pursued a search warrant.  The application and affidavit were reviewed by the County Attorney's Office and it was presented to Judge Ward who reviewed it and issued the warrant concluding that there was probable and reasonable cause to believe that violations of the animal cruelty statutes occurring and signed the warrant.  [DN 14 Attachment #17 and 18.]

In order to determine whether qualified immunity is applicable, courts must view the facts observed by the officer "from the perspective of a reasonable officer on the scene rather than 20/20 vision of hindsight."  *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001).  Based on what Defendant Greenup observed firsthand, she chose to open an investigation and obtain a valid warrant after review by a Bullitt County attorney and issued by a judge.  These were the very reasonable actions of an animal control officer.  Plaintiff has not refuted these facts and has not produced one shred of evidence to establish, or even imply, that the actions of Defendant Greenup were unreasonable and that she should be deprived of the defense of qualified immunity.

### III.   PLAINTIFF'S STATE CLAIMS SHOULD BE DISMISSED

Plaintiff's Response fails to offer any reason why the Court should not grant a summary judgment dismissing the federal claims, and it is also equally deficient concerning the remaining state tort claims of theft and conversion. *Compl.  ¶¶* 15, 19 [DN 1].  Although, pursuant to 28 U.S.C. § 1367, the Court has the discretionary ability to retain supplemental jurisdiction over the remaining state claims filed in connection with and arising out of the same facts as federal claims, if the federal claims are dismissed, then the pendent state claims should generally be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  The Sixth Circuit has noted that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims...." *Widgren v. Maple Grove Twp.*, 429 F.3d

575, 586 (6th Cir. 2005).  Because theft and conversion are interrelated state tort claims with state remedies, and one claim involves the humane disposition of a dog pursuant to statute, the proper forum should be state court for these claims.  *See Morris v. Murray State*¸ 2019 WL 2569568 (W.D. KY 2019) (a courtesy copy is attached as **Exhibit 4**).

However, should the Court choose to exercise its discretionary authority, the Plaintiff has offered no evidence to establish a question of fact in order to avoid a dismissal. Plaintiff again, only contends that a summary judgment is premature, and discovery is needed. *Pl. Response* p. 10. Plaintiff has failed to counter, address or offer any contrary facts to rebut Defendants' arguments raised in their Motion [DN 14 Attachment # 1 pp. 23-28] that (1) there was no federal claim for the taking of the dogs alleged; (2) that the Plaintiff relinquished custody of the dogs [DN 14, Attachment # 6; and, (3) there was no conversion for the dog that was euthanized.  Due to Plaintiff's failure to address, counter or present any evidence to rebut these arguments, Plaintiff's state claims should be summarily dismissed.

### IV.    THERE IS NO SUPPORT FOR THE PUNITIVE DAMAGES CLAIMS

In addition to seeking compensatory damages, Plaintiff also seeks punitive damages.  Such damages are not permitted against Bullitt County, Kentucky.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266–67 (1981).  See also, *Barnier v. Szentmiklosi*, 810 F.2d 594, 598 (6th Cir. 1987).  Plaintiff apparently concedes this and did not raise any argument in opposition. Thus, the punitive damage claims should be dismissed as a matter of law.

### CONCLUSION

For the reasons set forth herein, Defendants, Bullitt County Fiscal Court and Angela Greenup in both her official and individual capacity, respectfully move this Court for a summary judgment because there are no set of facts or circumstances on which Plaintiff can succeed against Defendants, and Defendants are therefore entitled to a dismissal of all claims as a matter of law.

Respectfully submitted,


/s/ Carol S. Petitt
Carol S. Petitt
Douglas Scott Porter
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
(502) 243-9797
cpetitt@vplegalgroup.com
sporter@vplegalgroup.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 1st day of November 2019, served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

Timothy Denison
235 South Fifth Street
The Third Floor
Louisville, Kentucky 40202-3226
COUNSEL FOR PLAINTIFF

/s/ Carol S. Petitt
VAUGHN PETITT LEGAL GROUP, PLLC