UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NORMAN QUARTERMOUSE,  Plaintiff,

v.  Civil Action No. 3:19-cv-264-DJH-RSE

BULLITT COUNTY FISCAL COURT and
ANGELA GREENUP,  Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On April 8, 2018, Bullitt County Animal Control Officer Angela Greenup saw an emaciated dog running down Interstate Highway 65. (Docket No. 1, PageID # 3) The dog belonged to Norman Quartermouse. (*Id*.) Greenup applied for and obtained a warrant to search Quartermouse's residence, where she found evidence of violations of animal health and safety regulations. (D.N. 14-2, PageID # 177) Following the search, Greenup took possession of several of Quartermouse's animals. (*Id*., PageID # 177–78) A veterinary examination determined that one of the dogs required euthanasia, and Bullitt County facilitated the adoption of others. (*Id*.) Quartermouse filed a complaint pursuant to 42 U.S.C. § 1983 against Greenup and Bullitt County Fiscal Court, alleging that Greenup violated his constitutional rights by entering his residence and seizing his property without probable cause. (D.N. 1) Quartermouse claims that Bullitt County is responsible for Greenup's actions under a theory of respondeat superior and asserts numerous state-law claims for conversion and fraud. (*Id*.)

Defendants move for summary judgment. (D.N. 14) Quartermouse argues that summary judgment is premature because he has not had enough time to conduct the discovery necessary to refute Defendants' motion. (D.N. 20) Defendants contend that summary judgment is appropriate because Quartermouse has failed to state a legally viable claim against Bullitt County and Greenup

1

is shielded by qualified and official immunity. (D.N. 21) After careful consideration, the Court finds that the motion for summary judgment is premature and will therefore deny it without prejudice.

## I.

Quartermouse did not respond substantively to any of Defendants' arguments. Instead, his response to the motion for summary judgment attacked the timing of the motion, claiming that Defendants sought summary judgment prematurely. (D.N. 20) Federal Rule of Civil Procedure 56(b) provides that a party may file for summary judgment "at any time." But "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)). It is the non-movant's responsibility to demonstrate to the Court why further discovery is needed. *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Generally, courts require that the non-movant file a Rule 56(d) affidavit, and "in the absence of such a motion or affidavit," courts "'will not normally address whether there was adequate time for discovery.'" *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (quoting *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995)). "The affidavit must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019). The Court's decision on prematurity is guided by five factors;

> (1) when the [plaintiff] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the [plaintiff] was dilatory in its discovery efforts; and (5) whether the [defendant] was responsive to discovery requests.

*Plott*, 71 F.3d at 1196–97.

Here, Quartermouse filed a detailed Rule 56(d) affidavit, and the Court will apply the factors set out by the Sixth Circuit in *Plott*.

## II.

First, Quartermouse was aware of the subject of the desired discovery starting at, the latest, when he filed this lawsuit on April 8, 2019. (*See* D.N. 1)  *Plott*, 71 F.3d at 1196–97.  Quartermouse filed his response to the motion for summary judgment and his attorney's Rule 56(d) affidavit on October 14, 2019.  (D.N. 20; D.N. 20-1)  Although this substantial time period would seem to weigh against his request for further discovery, the Rule 56(d) affidavit demonstrates that the desired discovery became available only recently.  Bullitt County prosecuted a criminal case against Quartermouse for cruelty to animals in the second degree, violating an ordinance requiring vaccination, and violating an ordinance requiring licensing.  (D.N. 27, PageID # 254)  As pointed out in the response to the motion for summary judgment, it would not have been feasible to depose Quartermouse until the criminal case resolved because of his Fifth Amendment right to avoid self-incrimination—explaining "why [Quartermouse] ha[d] not previously discovered the information." *Doe v. City of Memphis*, 938 F.3d at 490.  (*See* D.N. 20-1, PageID # 197)  The criminal case may have also impacted Quartermouse's ability to depose Greenup, who is the central focus of the Rule 56(d) affidavit.  (D.N. 20-1, PageID # 195–96)

As of February 20, 2020, the criminal case is closed.  (*See* D.N. 27)  Quartermouse pleaded guilty to failing to vaccinate and license his animals, and the Bullitt County District Court dismissed the animal-cruelty charge.  (*Id.*)  Quartermouse agreed to pay fines, court costs, and fees.  (*Id.*)  Because the criminal case prevented Quartermouse from having an "opportunity to develop and discover the evidence" he needs to support his claims, "[c]ommon sense dictates" that

3

the Court should defer consideration of Defendants' motion for summary judgment. *Moore v. Shelby Cty.*, 718 F. App'x 315, 320 (6th Cir. 2017). In light of the delay resulting from the underlying criminal action, the Court finds that the first *Plott* factor weighs in favor of finding the motion for summary judgment premature. 71 F.3d at 1196–97.

The second factor—whether the desired discovery could alter the outcome of the motion—is often dispositive. *See*, *e.g.*, *Local Union 369, Int'l Bhd. of Elec. Workers v. ADT Sec. Servs., Inc.*, 393 F. App'x 290, 295 (6th Cir. 2010) (finding no abuse of discretion in grant of summary judgment prior to any discovery where requested discovery would not have changed outcome of case); *see also Shadburne v. Bullitt Cty.*, No. 3:17-CV-130-DJH-DW, 2018 WL 1522696, at *3 (W.D. Ky. Mar. 28, 2018) (holding that defendant's motion for summary judgment was "not premature because no amount of discovery would salvage [the plaintiff's] claim, since the Court's disposition d[id] not turn on a factual determination"). Here, the Rule 56(d) affidavit focuses on the need to depose Greenup, both to determine the issue of probable cause and to find evidence of policies and practices that could establish Bullitt County's liability. (D.N. 20-1, PageID # 195–96) The affidavit lists with specificity the information Quartermouse seeks to glean from deposing Greenup as well as the veterinarian who examined the dog that was eventually euthanized. *Cf. Ball v. Union Carbide Corp.*, 385 F.3d 713, 721 (6th Cir. 2004) (upholding district court's decision that summary judgment was not premature because the nonmovant's "affidavit d[id] not state how any discovery would have shed further light" on the dispositive legal issue).

Upon initial review it appears that Greenup is entitled to qualified immunity. She obtained a valid search warrant, which usually establishes probable cause and consequently qualified immunity, and therefore discovery would not change the outcome on the § 1983 claims. *See Peffer v. Stephens*, 880 F.3d 256, 263 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 108 (2018). And the Court

4

should not avoid ruling on qualified immunity if the officer is entitled to it based on the pleadings, even prior to discovery. *See Siefert v. Hamilton Cty.*, 951 F.3d 753, 762 (6th Cir. 2020) (holding that "some claims [of qualified immunity] must 'be resolved prior to discovery.'" (quoting *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009))).

But a factual issue exists here. The verified complaint alleges that Greenup "made numerous false statements of material fact under oath in an affidavit" when she applied for the search warrant for Quartermouse's residence, rendering the warrant invalid. (D.N. 1, PageID # 3) If discovery supports that allegation, it could undermine Defendants' argument that Greenup had probable cause to conduct the search at issue, and she would not be entitled to qualified immunity. *See Butler v. City of Detroit*, 936 F.3d 410, 418 (6th Cir. 2019) ("To overcome an officer's entitlement to qualified immunity, a § 1983 plaintiff must make a substantial showing that the defendant stated a deliberate falsehood or showed reckless disregard for the truth [when applying for a search warrant]." (internal quotations and citation omitted)). Defendants submitted an affidavit from Greenup in which she states that she applied for the search warrant in good faith. (D.N. 14-2, PageID # 177) And at this stage, without deposition testimony, the allegations in a verified complaint are only entitled to the same weight as statements contained in an affidavit. *ACLU v. Grayson Cty.*, 591 F.3d 837, 844 n.2 (6th Cir. 2010) ("A verified complaint 'carries the same weight as would an affidavit for the purposes of summary judgment.'" (quoting *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008))).

The Court concludes that Greenup's deposition testimony will likely be crucial to determining whether the search warrant she obtained was valid. If the warrant was invalid, Quartermouse could raise a material issue of fact that would influence the Court's opinion on the motion for summary judgment because the validity of the warrant is crucial to the Court's analysis

of qualified immunity. *Cf. FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 624 (6th Cir. 2014) (upholding determination that summary judgment was not premature because it was "not clear how additional evidence would have established a dispute of material fact on any of the issues in this case"); *see also Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003) (overturning district court's determination that summary judgment was premature on basis of qualified immunity because the district court failed to explain how more discovery would change the outcome). This is not a situation where a purely legal question is before the Court, and the Sixth Circuit has "made clear that where the issue of qualified immunity turns on contested issues of fact, its determination is not one for summary judgment." *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) (quoting *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir. 1994)). The discovery Quartermouse seeks could raise a material issue of fact as to Defendants' right to judgment as a matter of law, and for that reason, the second factor weighs strongly in favor of finding that the motion is premature.

The third factor considers the length of the discovery period. *Plott*, 71 F.3d at 1196–97. Magistrate Judge Regina S. Edwards held a Rule 16 scheduling conference on June 27, 2019. (D.N. 11) Following the conference, Judge Edwards issued a scheduling order setting October 31, 2019, as the deadline for amended pleadings or joinder of additional parties, and a December 31, 2019 deadline for all discovery. (*Id.*, PageID # 34–35) Defendants filed their motion for summary judgment on September 5, 2019, about seven weeks ahead of the deadline to amend pleadings. (D.N. 14) The period between the time Quartermouse filed his complaint and the motion for summary judgment spanned less than six months, and the criminal case discussed above was ongoing throughout the entire period. Because "what constitutes a reasonable length of time for the duration of discovery is so particular to the facts and circumstances of a given case," *Doe v. City of Memphis*, 928 F.3d at 494," there is no bright-line rule for the Court to follow. Considering

that the Sixth Circuit has found that a discovery period of two years, along with certain extenuating factors, did not weigh against finding a motion for summary judgment premature, this factor is neutral.  *Id.*; *see also EMA Nationwide, Inc.*, 767 F.3d at 625 (holding that a five-month discovery period rendered the third *Plott* factor neutral because it provided "a sufficient amount of time for Defendants to conduct some discovery").

Next, the Court must consider whether Quartermouse was dilatory in his discovery efforts. *Plott*, 71 F.3d at 1196–97.  Although Quartermouse could have been more aggressive with his requests for discovery, the Court notes that no discovery deadlines had passed when Defendants moved for summary judgment.  (*See* D.N. 11)  Nor had the criminal case been resolved, again necessitating a delay in the deposition of Quartermouse himself, as well as possibly Greenup.  The Court is hesitant to label as dilatory conduct that did not run afoul of any of the Court's orders or deadlines.  *See Doe v. City of Memphis,* 928 F.3d at 492 (noting that nonmovant complied with court orders and participated in scheduling conferences).  Quartermouse has not conducted any discovery in this case.  (D.N. 21, PageID # 203); *see White's Landing Fisheries*, 29 F.3d at 231–32 ("A grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005) (reversing district court's grant of summary judgment because nonmovant did not receive "a reasonable opportunity to conduct further discovery").

Finally, based on the record, it appears that Quartermouse did not make any discovery requests prior to the motion for summary judgment.  The fifth factor—whether Defendants were responsive to discovery requests—is thus inapplicable here.  *See Plott*, 71 F.3d at 1196–97.

## III.

Considering all relevant *Plott* factors, the Court finds that considering Defendants' motion for summary judgment would be premature at this stage in the litigation. Quartermouse complied with the requirements of Rule 56(d), and the affidavit from Quartermouse's attorney details why Quartermouse could not adequately respond to the motion for summary judgment without an opportunity to conduct further discovery. Quartermouse did not violate any scheduling orders or discovery deadlines, and the result of the pending motion for summary judgment could be affected by the requested discovery. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendants' Motion for Summary Judgment (D.N. 14) is **DENIED** without prejudice.

(2) Defendants are **GRANTED** leave to refile at the end of the supplementary discovery period.

(3) Consistent with the prior referral (D.N. 5), Magistrate Judge Regina S. Edwards may now establish revised deadlines for discovery and dispositive motions.